## IN RE: ESTATE OF LEACH
### Case No. 84-330 CP
Fifteenth Judicial Circuit, Palm Beach County
December 18, 1986

## OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

THIS MATTER came before the Court on a Petition of Raymond J. Moudry, Esquire, for payment for attorney's fees for services rendered as Personal Representative of the estate and for services rendered as an attorney to the Estate of Willaford R. Leach. The Petitioner was represented by counsel and the Estate of Emery University was also represented by counsel. Mr. Moudry testified in support of his request

of attorney's fees in the amount of $520,000.00. His testimony indicated that he had spent approximately 300 hours in a regular representative capacity and 75 hours for extra ordinary fees. However, Mr. Moudry testified that he did not keep accurate records of all of the time spent and was unable to reduce to writing an exact record of services rendered. As a result, approximately, 100 or so of his hours were reconstructed hours.

The Court heard the expert testimony of two prior judges of the Probate Court who served in this county. Each of these judges as well as an attorney who testified as an expert for Mr. Moudry gave estimates of a reasonable attorney's fees within the area of $315,000.00 to $375,000.00. An attorney testifying as an expert for the Respondent indicated that Mr. Moudry could not have spent much over 200 hours for all of the services rendered in this case.

An attempt was made by the Petitioner to evaluate his attorney's fees on the basis of the criteria set forth in F.S. 733.617. He and his counsel attempted to go down the list and assess a value to each one of the criteria listed in F.S. 733.617. However, it became more and more apparent that a large part of his fee was based upon a percentage of the total value of the estate. In fact, his lawyer indicated that whether we wanted to realize it or not, most attorneys in this community charge a fee based upon a percentage amount of the estate.

The Petitioner also makes the point that the criteria as set forth in *Florida Compensation v. Rowe*, 472 So.2d 1145, does not apply to probate cases. The Court disagrees with the Petitioner's contention in this matter. It would appear that *Rowe* would apply if only based upon the logic set forth in *Rowe* so as to allow the trier of the fact to determine what a fair and reasonable fee is. In order to do this, services rendered and time spent must be articulated in order for the trier of fact to properly evaluate these requests.

Further, in spite of the fact that a number of depositories indicate in their brochures announcing fees for services rendered that they are charging a percentage basis, the Court can find no basis for it. There appears to be no basis in the Florida Statutes for allowing a Personal Representative to charge a percentage fee. There also appears to be no case law which justifies the charging of a percentage fee. It appears to the Court that certainly the size of the estate should require the enhancement of the fee over a much smaller estate requiring basically the same amount of work. The Court agrees with the Petitioner's contention that the responsibility of a multi-million dollar estate certainly should justify the enhancement of a fee. However, absence a

126

criteria for determining the enhancement, the Court finds itself unable to determine a fair and reasonable percentage basis.

The trial was quite lengthy and the testimony of the experts was quite diverse. The amount of actual services rendered by Mr. Moudry directed from his office was interviewed in great detail. The Court finds that based upon *Rowe* and Florida Statutes 733.617, that the reasonable services articulated by the testimony of Mr. Moudry and his experts not be near what he requested, absence the consideration of some type of fee enhancement based upon the size of the estate.

This Court being fully advised of all the facts in the case, the testimony of the Petitioner, Mr. Moudry, and the testimony of his distinguished experts, has decided the attorney's fee based solely upon a reasonable fee articulated in such a manner as to enable to the Court to evaluate it. The Court finds that a reasonable fee to be paid to the Petitioner considering the fee customarily charged in the locality for similar legal services of a similar estate to be $250,000.00.

The Personal Representative is hereby directed to pay the sum to the Petitioner within sixty days from the date of this Order. The Court reserves jurisdiction for the purpose of taxing costs including expert witness fees by separate order in further hearing.

ORDERED in Chambers this — day of December, 1986, at West Palm Beach, Palm Beach County, Florida.